# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2022

Lyle W. Cayce
Clerk

No. 22-10404
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE FELIPE CARDENAS-RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-315-1

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Jose Felipe Cardenas-Ramirez was convicted and sentenced for illegal reentry after removal under 8 U.S.C. § 1326(a) and (b)(1). He now contends, for the first time on appeal, that Section 1326(b) is unconstitutional because it permits a sentence above the otherwise-applicable statutory maximum in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10404

Section 1326(a) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Cardenas-Ramirez acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). He nevertheless seeks to preserve it for possible Supreme Court review. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Accordingly, Cardenas-Ramirez is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.